IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HENRY N. HARPER, A638-859**

        **Plaintiff,**

   vs.                                    **Civil Action 2:11-cv-1116**
                                               **Judge Frost**
                                               **Magistrate Judge King**

**FIFTH DISTRICT COURT OF APPEALS,**
*et al.*,

        **Defendants.**

## REPORT AND RECOMMENDATION

      Plaintiff, a state prisoner, brings this civil rights action under 42 U.S.C. §1983, alleging that defendants, a state court and the three state appellate court judges who apparently rejected plaintiff's criminal appeal, "did not represent their elected positions very seriously or professionally, or administer proper justice that their positions require." *Complaint*, Doc. No. 1-2, p.3. Plaintiff seeks monetary damages. This matter is now before the Court for the initial review of the Complaint required by 28 U.S.C. §§ 1915(e), 1915A.

      This Court concludes that it lacks jurisdiction to entertain plaintiff's claims by operation of the *Rooker-Feldman* doctrine.

      The *Rooker-Feldman* doctrine divests "lower federal courts ... from exercising appellate jurisdiction over final state-court judgments," *Marks v. Tennessee,* 554 F.3d 619, 622 (6th Cir.2009) (internal quotation marks and citation omitted), "[b]ecause [28 U.S.C.] § 1257, as long interpreted, vests [federal] authority to review a state court's judgment solely in [the Supreme] Court." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 292 (2005). The doctrine applies to the "narrow

ground" of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. If the source of the plaintiff's injury is the state-court judgment itself, then the *Rooker–Feldman* doctrine bars the federal claim. *Id.* "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.; see also* Lawrence v. Welch, 531 F.3d 364, 368–69 (6th Cir.2008); *Hamilton v. Herr,* 540 F.3d 367, 372 (6th Cir. 2008) (stating that "what the *Rooker–Feldman* doctrine primarily bars are claims that seek relief from injury 'caused by' the state court judgment") (internal quotation marks and citation omitted).

Plaintiff's *Complaint* invites this Court to review – and reject – the state appellate court judgment. This Court lacks jurisdiction to do so.

It is therefore **RECOMMENDED** that this action be dismissed.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de*

*novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

s/Norah McCann King
Norah M<sup>c</sup>Cann King
United States Magistrate Judge

DATE: December 19, 2011