IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HENRY N. HARPER, A638-859**

       **Plaintiff,**

  vs.                                      Civil Action 2:11-cv-1116
                                                         Judge Frost
                                                         Magistrate Judge King

**FIFTH DISTRICT COURT OF APPEALS,**
*et al.*,

       **Defendants.**

## OPINION AND ORDER

On December 19, 2011, the United States Magistrate Judge recommended that this action be dismissed. *Report and Recommendation*, Doc. No. 6. This matter is now before the Court on plaintiff's objections to that recommendation. *Motion to Object to Magistrate's Report and Recommendation*, Doc. No. 11. Defendants oppose the objections. *Defendants' Memorandum in Opposition to Plaintiff's Objections to Report and Recommendation*, Doc. No. 12. The Court will consider the matter *de novo*. *See* 28 U.S.C. §636(b); Fed. R. Civ. P. 72(b).

The *Complaint*, Doc. No. 5, names as defendants the Ohio Fifth District Court of Appeals and three judges of that court who "affirmed the Trial Court's verdict on inconsient [sic] and incorrect information and then published this information on the Westlaw website, therefore committing Slander and Libel . . . ." *Id.*, p. 4. Attached to the *Complaint* is a copy of the decision about which plaintiff apparently complains, which affirmed plaintiff's conviction on various criminal charges. *State of Ohio v. Henry Harper,* No. 2010-CA-44, 2011 WL 4011642

(Ohio App. 5 Dist. September 9, 2011).  The Magistrate Judge construed the *Complaint* as asking this Court to review the state appellate court judgment.  Because the *Rooker-Feldman* doctrine divests "'lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments,'" the Magistrate Judge recommended that the action be dismissed for lack of subject matter jurisdiction.  *Report and Recommendation* (quoting *Marks v. Tennessee,* 554 F.3d 619, 622 (6th Cir. 2009).

In his objections, plaintiff complains that the Magistrate Judge misconstrued the allegations of the *Complaint*.  Rather than seeking review by this Court of the judgment of the state court, plaintiff asserts, the "Complaint is addressing the improper conduct of the Fifth District Court of Appeals by the publication of Slanderious [sic] and Libelious [sic] material on Westlaw Website."  *Motion to Object to Magistrate's Report and Recommendation,* p. 2.

This Court rejects plaintiff's characterization of the claims asserted in this action.  Although it invokes state tort law, this case challenges the validity of the judgment of the state court: ". . . the Fifth District Court of Appeals Judges . . . TOOK the Prosecutor's Brief for a fact and made a judgement on false materials, and PUBLISHED it on Westlaw Website, therefore committing Slander and Libel against the Plaintiff . . . ." *Id.*  Even accepting at face value plaintiff's assertion of state law tort claims, those claims cannot proceed in this Court. Civil claims that, if successful, "would necessarily imply the invalidity" of a prior conviction or sentence, cannot proceed in federal courts.  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Because plaintiff's success on his claims of libel or slander would necessarily imply the

invalidity of his state court convictions, this Court concludes that plaintiff's action cannot proceed in this Court.

Plaintiff's objections to the *Report and Recommendation*, Doc. No. 11, are **DENIED.**  The *Report and Recommendation*, Doc. No. 6, is **ADOPTED AND AFFIRMED.**

This action is hereby **DISMISSED.**  The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in this case.

Moreover, the Court concludes that an appeal from that judgment would not be taken in good faith.  *See* 28 U.S.C. § 1915(a).

     /s/   Gregory L. Frost
Gregory L. Frost
United States District Judge